IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Scott Farnsworth, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. |
| | ) |
| The Stanley Works, Inc., a Connecticut corporation, d/b/a National Works, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Scott Farnsworth, by his attorneys, Ronald J. Broida, Joseph K. Nichele and Robin K. Mills, for his Complaint against The Stanley Works, Inc., a Connecticut corporation, d/b/a National Works, states:

## NATURE OF THE CASE

Scott Farnsworth ("Farnsworth") brings this action against The Stanley Works, Inc., a Connecticut corporation, d/b/a National Works ("Stanley") seeking redress for violation of rights guaranteed to Farnsworth by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.* Farnsworth seeks damages to redress Stanley's discriminatory employment practices.

## STATEMENT OF JURISDICTION AND VENUE

The United States District Court has jurisdiction pursuant to 28 U.S.C. 1331 in conjunction with 29 U.S.C. § 621 *et seq.* The Northern District of Illinois is the proper venue because Farnsworth resides in, Stanley is located in and this action arose within this judicial district. 28 U.S.C. § 1391.

## COUNT I
### Violation of the ADEA

1. Stanley is a manufacturer of tools, doors, storage and hardware products.

2. Farnsworth possessed the technical and job related qualifications for the position of Territory Account Manager at Stanley.

3. On August 4, 2006, Stanley verbally offered the position of Territory Account Manger to Farnsworth.

4. On August 9, 2006, in a letter offer Stanley proposed to have Farnsworth the position of Territory Account Manager at an annual salary of $52,500, conditioned on the satisfactory completion of a background investigation and drug testing.

5. On August 10, 2006, Farnsworth accepted the Territory Account Manager position.

6. At that time, Farnsworth completed a release form required by Stanley to conduct a background check and a drug test, which compelled him to disclose his date of birth at that time.

7. Stanley was not aware that Farnsworth was fifty seven (57) years old when Farnsworth applied and interviewed for the position of Territory Account Manager.

8. Farnsworth's physical appearance is consistent with that of a younger individual.

9. Stanley only became aware of Farnsworth's age after he completed the required background check authorization documentation.

10. On August 17, 2006, Stanley's representative informed Farnsworth that there was a "glitch" with his background check, namely an "outstanding warrant." Farnsworth was informed that if he could get the matter cleared up, then he could "still be considered for employment". Farnsworth satisfactorily completed the drug test.

11. Farnsworth filed a petition to clear the alleged misdemeanor, which was granted and Farnsworth provided that clearance confirmation to Stanley.

12. Stanley refused to comply with its commitment to employ Farnsworth.

13. On August 17, 2006, Stanley refused to employ Farnsworth for the position of Territory Account Manager because of his age.

14. Stanley does not have a policy that excludes candidates from employment that have criminal histories or alleged criminal histories which have been cleared.

15. On information and belief, Stanley hired a younger individual with less experience for the position.

16. Any reasons proffered by Stanley for refusing to hire Farnsworth are pretext for discriminating against Farnsworth based on his age, fifty seven (57) years old.

17. These acts of Stanley constitute unlawful and willful discrimination against Farnsworth because of his age, fifty seven (57) years old, in violation of the ADEA, 29 U.S.C. § 621 *et seq.*

18. As a result of these wrongful acts of Stanley, Farnsworth has suffered substantial damages, including but not limited to, pain, suffering, emotional anguish and distress, loss of employment, wages, benefits, attorneys' fees and court costs.

19. On September 6, 2006, Farnsworth filed his Charge of Discrimination with the Illinois Department of Human Rights and Equal Employment Opportunity Commission. On October 23, 2007, Farnsworth received a Notice of Substantial Evidence from the Illinois Department of Human Rights and he received a Notice of Right to Sue on December 14, 2007. A true and accurate copy of the Charge of Discrimination is attached hereto, marked Exhibit A and incorporated herein by reference. A true and accurate copy of the Notice of Substantial Evidence is attached hereto, marked Exhibit B and incorporated herein by reference. A true and accurate copy of the Notice of Right to Sue is attached hereto, marked Exhibit C and incorporated herein by reference.

Wherefore, Scott Farnsworth demands a trial by jury, and prays for judgment in his favor and against The Stanley Works, Inc., a Connecticut corporation, d/b/a National Works, for: all front pay, lost benefits, and compensation for his out-of-pocket damages and for his emotional distress and mental anguish; all attorneys' fees, costs, and any other relief this Court deems just; and punitive damages.

Scott Farnsworth

By:   /s/ Ronald J. Broida
One of His Attorneys

Ronald J. Broida
Joseph K. Nichele
Robin K. Mills
Broida and Associates, Ltd.
Attorneys at Law
1250 East Diehl Road, Suite 108
Naperville, Illinois 60563
(630) 245-1515
(630) 245- 1565 (FAX)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

**07W0906.03**

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2007CA0539 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Scott Farnsworth | (630) 365-3616 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 8N198 Grand Arbor Lane | Maple Park, IL 60151 | 5/26/49 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code) |
|---|---|---|
| The Stanley Works (Incorporated)/ National Works | | ((860) 827-5073 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 480 Myrtle St. | New Britain, CT 06053 | |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| AGE   ARREST RECORD | 8/17/06 |
| | ☐ CONTINUING ACTION |

**THE PARTICULARS ARE** (if additional space is needed attach extra sheets)

I.  A.  **ISSUE/BASIS**

FAILURE TO HIRE – AUGUST 17, 2006/DUE TO AGE, 57

B.  **PRIMA FACIE ALLEGATIONS**

1. My age is 57.

2. I was qualified for the position of sales for which I applied.

3. On August 17, Tom Darling, Central Regional Sales Manager, failed to hire me. He gave me no reason for not hiring me.

4. On August 9, 2006, I successfully completed Respondent's hiring procedures, and Mr. Darling scheduled me to start work on August 21, 2006. On August 9, 2006,

Continued...lv

---

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS

_[signature]_  9/6/06
NOTARY SIGNATURE       MONTH DATE-YEAR

"OFFICIAL SEAL"
RAQUEL C. GUERRA
Notary Public, State of Illinois
My Commission Expires 4/12/2008

NOTARY SEAL

X _[signature]_  89/06/06
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

FORM 5 (5/05)

EXHIBIT A

Charge Number: 2007CN4539
Complainant: Scott Farnsworth
Page 2

      Respondent requested that I submit my driver's license, and Respondent found out how old I am.

  5. I believe Respondent failed to hire me solely due to my age, in violation of the Illinois Human Rights Act.

II. A. ISSUE/BASIS
    FAILURE TO HIRE – AUGUST 17, 2006/DUE TO ARREST RECORD

  B. PRIMA FACIE ALLEGATIONS
   1. I have an arrest record.

   2. I was qualified for the position of sales for which I applied.

   3. On August 17, Tom Darling, Central Regional Sales Manager, failed to hire me. He gave me no reason for not hiring me.

   4. Although no reason was given for the failure to hire me, Respondent claimed I had an outstanding warrant for my arrest. Even though I explained to Respondent I did not have an outstanding warrant for arrest, and an officer of the court called Respondent to explain this to Respondent, I was not hired.

   5. I was denied employment due to my arrest record, in violation of the Illinois Human Rights Act.

lgv

ILLINOIS DEPARTMENT OF
# Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

October 23, 2007

Scott Farnsworth
8N198 Grand Arbor Lane
Maple Park, IL 60151

James J. Tallaksen
Director, Corporate Labor & Employment Relations
Stanley /The Stanley Works, Inc.
1000 Stanley Dr.
New Britain, CT 06053

RE:   Scott Farnsworth vs. The Stanley Works, Inc./National Works, 2007CA0539

## NOTICE OF SUBSTANTIAL EVIDENCE

The Director of the Department of Human Rights ("Department") has reviewed the investigation report in the above-referenced matter and determined there is substantial evidence that a civil rights violation has been committed.

The Illinois Human Rights Act ("Act') mandates that the Department conduct conciliation to give the parties an opportunity to settle the case before a complaint is filed with the Human Rights Commission ("Commission").

I have been designated by the Director to CONCILIATE this case. Conciliation is a process in which a Department Staff Attorney facilitates settlement discussions with both parties via telephone.

The Department also offers mediation, which is a form of conciliation. Mediation is a private, informal dispute resolution process in which a neutral third person, the mediator, meets with the parties to help reach an agreement.

All settlement efforts are confidential. If it is determined there is not a reasonable possibility of settlement, I will prepare a complaint against Respondent, file it with the Commission and serve notice of such filing on all parties, pursuant to Section 7A-102(F) of the Act. It is then the parties' responsibility to go forward with the case at the Commission.

**IT IS THE RESPONSIBILITY OF THE PARTIES TO INITIATE DISCUSSIONS IMMEDIATELY AFTER RECEIPT OF THIS NOTICE. THEREFORE, PLEASE REVIEW THE ENCLOSED INFORMATION AND CONTACT ME NO LATER THAN 5 DAYS AFTER RECEIPT OF THIS NOTICE IF YOU WISH TO CONCILIATE THIS MATTER. OTHERWISE, I SHALL FILE A COMPLAINT WITH THE COMMISSION.**

Carol Cera
Staff Attorney
(312) 814-4674

EXHIBIT B

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Scott Farnsworth
8N198 Grand Arbor Lane
Maple Park, IL 60151

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2006-02600 | Armernola P. Smith, State & Local Coordinator | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe*                12/14/07

Enclosures(s)

John P. Rowe,
District Director

(Date Mailed)

cc:    STANLEY WORKS INC

EXHIBIT C