IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT FARNSWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  08 C 254 |
| vs. | ) | |
| | ) | Hon. Judge Zagel |
| | ) | |
| THE STANLEY WORKS, INC. a | ) | Magistrate Judge Shenkier |
| Connecticut corporation, d/b/a | ) | |
| NATIONAL WORKS, | ) | |
| | ) | |
| Defendant. | | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant The Stanley Works, Inc. answers the Complaint of Plaintiff Scott Farnsworth

as follows:

### NATURE OF THE CASE

Scott Farnsworth ("Farnsworth") brings this action against The Stanley Works, Inc., a
Connecticut corporation, d/b/a National Works ("Stanley") seeking redress for violation of rights
guaranteed to Farnsworth by the Age Discrimination in Employment Act of 1967 ("ADEA"), as
amended, 29 U.S.C. § 621 *et seq.*  Farnsworth seeks damages to redress Stanley's discriminatory
employment practices.

**RESPONSE TO NATURE OF THE CASE**:

Defendant admits only that Plaintiff purports to bring this action for the purposes alleged

and that he further seeks the damages alleged.  Defendant denies that it engaged in any conduct

that violated the ADEA or Plaintiff's rights and denies that Plaintiff is entitled to any relief.

### STATEMENT OF JURISDICTION AND VENUE

The United States District Court has jurisdiction pursuant to 28 U.S.C. 1331 in
conjunction with 29 U.S.C. § 621 *et seq.*  The Northern District of Illinois is the proper venue
because Farnsworth resides in, Stanley is located in and this action arose within this judicial
district.  28 U.S.C. § 1391.

**RESPONSE TO STATEMENT OF JURISDICTION AND VENUE**:

Defendant is without knowledge or information sufficient either to admit or to deny the allegation regarding Plaintiff's residence. Defendant admits only that it does business in this judicial district. The remaining allegations state legal conclusions requiring no answer by Defendant.

**PARAGRAPH NO. 1**:

Stanley is a manufacturer of tools, doors, storage and hardware products.

**RESPONSE TO PARAGRAPH NO. 1**:

Defendant admits the allegations of Paragraph No. 1.

**PARAGRAPH NO. 2**:

Farnsworth possessed the technical and job related qualifications for the position of Territory Account Manager at Stanley.

**RESPONSE TO PARAGRAPH NO. 2**:

Defendant admits that Farnsworth appeared to possess the technical skills required for the position. Defendant denies the remaining allegations of Paragraph No. 2.

**PARAGRAPH NO. 3**:

On August 4, 2006, Stanley verbally offered the position of Territory Account Manager to Farnsworth.

**RESPONSE TO PARAGRAPH NO. 3**:

Defendant admits that, on or about August 4, 2006, it made a verbal, conditional job offer to Plaintiff for the position of Territory Account Manager.

**PARAGRAPH NO. 4**:

On August 9, 2006, in a letter offer Stanley proposed to have Farnsworth the position of Territory Account Manager at an annual salary of $52,500, conditioned on the satisfactory completion of a background investigation and drug testing.

**RESPONSE TO PARAGRAPH NO. 4**:

For its response, Defendant states that the referenced letter speaks for itself.

**PARAGRAPH NO. 5**:

On August 10, 2006, Farnsworth accepted the Territory Account Manager position.

**RESPONSE TO PARAGRAPH NO. 5**:

Defendant admits the allegation of Paragraph No. 5.

**PARAGRAPH NO. 6**:

At that time, Farnsworth completed a release form required by Stanley to conduct a background check and a drug test, which compelled him to disclose his date of birth at that time.

**RESPONSE TO PARAGRAPH NO. 6**:

Defendant denies the allegation that Plaintiff was "compelled to disclose his date of birth." Defendant admits the remaining allegations of Paragraph No. 6.

**PARAGRAPH NO. 7**:

Stanley was not aware that Farnsworth was fifty seven (57) years old when Farnsworth applied and interviewed for the position of Territory Account Manager.

**RESPONSE TO PARAGRAPH NO. 7**:

Defendant admits the allegations of Paragraph No. 7.

**PARAGRAPH NO. 8**:

Farnsworth's physical appearance is consistent with that of a younger individual.

**RESPONSE TO PARAGRAPH NO. 8**:

The allegation of Paragraph No. 8 is vague and ambiguous and fails to allege a "fact," and Defendant therefore denies same.

**PARAGRAPH NO. 9**:

Stanley only became aware of Farnsworth's age after he completed the required background check authorization documentation.

**RESPONSE TO PARAGRAPH NO. 9**:

Defendant admits the implicit allegation that it was unaware of Plaintiff's age prior to his completion of the background check authorization documentation and further admits that it only became aware of his age at a subsequent point in time.

**PARAGRAPH NO. I0**:

On August 17, 2006, Stanley's representative informed Farnsworth that there was a "glitch" with his background check, namely an "outstanding warrant." Farnsworth was informed that if he could get the matter cleared up, then he could "still be considered for employment". Farnsworth satisfactorily completed the drug test.

**RESPONSE TO PARAGRAPH NO. 10**:

Defendant admits that Plaintiff passed the drug screen. Defendant denies the remaining allegations of Paragraph No. 10.

**PARAGRAPH NO. 11**:

Farnsworth filed a petition to clear the alleged misdemeanor, which was granted and Farnsworth provided that clearance confirmation to Stanley.

**RESPONSE TO PARAGRAPH NO. 11**:

Defendant denies that Plaintiff provided the alleged "clearance confirmation." Defendant is without knowledge or information sufficient either to admit or to deny the remaining allegations of Paragraph No. 11.

**PARAGRAPH NO. 12**:

Stanley refused to comply with its commitment to employ Farnsworth.

**RESPONSE TO PARAGRAPH NO. 12:**

Defendant admits that it did not employ Plaintiff.  Defendant denies the remaining allegations of Paragraph No. 12.

**PARAGRAPH NO. 13**:

On August 17, 2006, Stanley refused to employ Farnsworth for the position of Territory Account Manager because of his age.

**RESPONSE TO PARAGRAPH NO. 13**:

Defendant denies the allegation of Paragraph No. 13.

**PARAGRAPH NO. 14**:

Stanley does not have a policy that excludes candidates from employment that have criminal histories or alleged criminal histories which have been cleared.

**RESPONSE TO PARAGRAPH NO. 14**:

The allegations of Paragraph No. 14 are vague, ambiguous, convoluted, and fail to allege a fact with sufficient clarity so as to permit Defendant to respond.  Therefore, Defendant denies the allegations of Paragraph No. 14.

**PARAGRAPH NO. 15**:

On information and belief, Stanley hired a younger individual with less experience for the position.

**RESPONSE TO PARAGRAPH NO. 15:**

Defendant admits that a person younger than Plaintiff filled the position.  Defendant denies the remaining allegations of Paragraph No. 15.

**PARAGRAPH NO. 16**:

Any reasons proffered by Stanley for refusing to hire Farnsworth are pretext for discriminating against Farnsworth based on his age, fifty seven (57) years old.

**RESPONSE TO PARAGRAPH NO. 16**:

The allegations of Paragraph No. 16 state legal conclusions requiring no answer by

Defendant. To the extent they purport to allege facts, Defendant denies them.

**PARAGRAPH NO. 17**:

These acts of Stanley constitute unlawful and willful discrimination against Farnsworth because of his age, fifty seven (57) years old, in violation of the ADEA, 29 U.S.C. § 621 *et. seq.*

**RESPONSE TO PARAGRAPH NO. 17**:

The allegations of Paragraph No. 17 state legal conclusions requiring no answer by

Defendant. To the extent they purport to allege facts, Defendant denies them.

**PARAGRAPH NO. 18**:

As a result of these wrongful acts of Stanley, Farnsworth has suffered substantial damages, including but not limited to, pain, suffering, emotional anguish and distress, loss of employment, wages, benefits, attorneys' fees and court costs.

**RESPONSE TO PARAGRAPH NO. 18:**

The allegations of Paragraph No. 18 state legal conclusions requiring no answer by

Defendant. To the extent they purport to allege facts, Defendant denies them.

**PARAGRAPH NO. 19**:

On September 6, 2006, Farnsworth filed his Charge of Discrimination with the Illinois Department of Human Rights and Equal Employment Opportunity Commission. On October 23, 2007, Farnsworth received a Notice of Substantial Evidence from the Illinois Department of Human Rights and he received a Notice of Right to Sue on December 14, 2007. A true and accurate copy of the Charge of Discrimination is attached hereto, marked Exhibit A and incorporated herein by reference. A true and accurate copy of the Notice of Substantial Evidence is attached hereto, marked Exhibit B and incorporated herein by reference. A true and accurate

copy of the Notice of Right to Sue is attached hereto, marked Exhibit C and incorporated herein by reference.

**RESPONSE TO PARAGRAPH NO. 19**:

On information and belief, Defendant admits the allegations of Paragraph No. 19.

### AFFIRMATIVE DEFENSES

By way of affirmative defenses, Defendant states as follows:

1.     Defendant denied employment to Plaintiff based on reasonable factors other than age.

2.     To the extent Plaintiff has failed to make reasonable efforts to obtain employment, he has failed to mitigate his alleged damages.

WHEREFORE, the Complaint should be dismissed and Defendant should be awarded its costs and such other relief as the Court deems just and reasonable.

Dated: March 11, 2008                    THE STANLEY WORKS, INC.

By: _____
                              One of Its Attorneys

Peter R. Bulmer
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610
Phone: (312) 787-4949
Fax: (312) 787-4995

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on this 11th day of March, 2008, he caused a copy of the foregoing Answer And Affirmative Defenses To Complaint to be served upon counsel of record by placing the same in the U.S. Mail at 320 W. Ohio St., Chicago, Illinois, first-class postage prepaid, addressed as follows:

Ronald J. Broida
Joseph K. Nichele
Robin K. Mills
Broida and Associates, Ltd.
1250 East Diehl Road, Suite 108
Naperville, Illinois 60563

Peter R. Bulmer