IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT FARNSWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08 C 254 |
| vs. ) | |
| ) | Hon. Judge Zagel |
| ) | |
| THE STANLEY WORKS, INC. a ) | Magistrate Judge Shenkier |
| Connecticut corporation, d/b/a ) | |
| NATIONAL WORKS, ) | |
| ) | |
| Defendant. | |

### AGREED PROTECTIVE ORDER
### AND HIPAA AUTHORIZATION

**THIS CAUSE COMING** to be heard on the Motion of Defendant The Stanley Works ("Stanley Works") For Entry Of Agreed Protective Order pursuant to Federal Rule of Civil Procedure 26 regarding documents produced in response to Rule 34 requests served by the Parties hereto in the above captioned matter, due cause having been shown, Plaintiff Scott Farnsworth ("Plaintiff") being in agreement, and the Court being advised in the premises:

**IT IS HEREBY ORDERED** that the use, safekeeping, and disclosure of all documents produced by the Parties or their agents shall be governed by the following terms and conditions:

1. The term "Confidential Document(s)," as used in this order, is defined as documents produced by a Party which relate to: (1) any current or former employee, applicant, officer or director of a Party and his or her (i) salaries, bonuses or other compensation information not otherwise available to the public; (ii) employment application, background check information, hiring, placement, assignment, promotion, demotion, transfer, termination, or removal not otherwise available to the public, including but not limited to signed offers of employment a Party provided to its current and former employees; (2) financial and tax information of a Party not otherwise available to the public; (3) the business and financial

757436\2\14601\34330

relationship and transactions between a Party and its customers; (4) a Party's marketing strategy, sales, costs and pricing practices, including but not limited to any proposals a Party provided to potential customers; (5) a Party's trade secrets as defined by the Illinois Trades Secret Act; and (6) any documents not available to the public. A document that is in the possession of the author or the named recipient, or their respective present or former employers, contractors, vendors, customers, employees, agents or representatives shall not be deemed "available to the public" as used in this Agreement.

2. Any documents defined as Confidential Documents which are in the possession of a Party prior to or independent of the production by another Party shall not be subject to the protection of this Order. The Party asserting prior or independent possession shall bear the burden of proof.

3. The documents defined as Confidential Documents which concern current or former employees or applicants for employment are so designated to protect the privacy of current and former employees, officers and directors of a Party, and to safeguard documents related to their identities, criminal records information, personal financial information, and personal matters.

4. All other documents defined as Confidential Documents are so designated to protect the legitimate interests of a Party in its confidential information and its relationships with third parties.

5. The producing Party shall endeavor to mark each page of Confidential Documents as either "**Confidential**" or "**Confidential – Attorneys' Eyes Only**." A document shall be designated "Confidential" where it contains confidential, technical or other information that may be reviewed by the receiving Party's designated representatives and experts but must be protected against disclosure to third parties. A document shall be designated "Confidential – Attorneys' Eyes Only" when it contains criminal records information of an individual, trade secrets, financial information, or confidential business information such as marketing strategy, sales, costs, profits, production, pricing or customer relations that would put the producing person or entity at a competitive disadvantage if the information became known to employees of another Party or other third parties. Notwithstanding the foregoing, in the event a Party inadvertently fails to designate information as "Confidential," or otherwise wishes to change the designation of confidentiality under this Order, it may later do so, and such document/information shall be treated by the receiving Party as being so designated with confidentiality from the time the receiving Party is notified in writing of the inadvertent designation. The inadvertent disclosure of "Confidential Documents" by a Party, regardless of whether the document was designated as "Confidential" at the time of disclosure, shall not be treated as a waiver in whole or in part of said Party's claim of confidentiality.

6. All Confidential Document(s) protected from disclosure by this order shall include all portions of transcripts of deposition testimony reflecting the substance of the information contained in the Confidential Document(s). In the event that any Party receiving documents objects to a document being designated Confidential or being deemed a Confidential Document, it shall become the burden of the objecting Party to demonstrate before the court that the document does not contain Confidential Information entitled to protection under this order.

7.  It shall be the responsibility of the attorneys receiving Confidential Document(s) to ensure strict compliance with the provisions of this Order and it shall further be the responsibility of these attorneys to take all reasonable and proper steps to ensure that this Order and all provisions thereof are made known to any person who shall examine Confidential Document(s) as provided herein.

8.  Confidential Document(s) shall be used by the Party or its counsel receiving the same solely for the purposes of this litigation and not for any other purpose. All Confidential Document(s), copies of the same and information contained therein shall be kept by the Party and its counsel receiving the documents in a place appropriately safe given its confidential status. Confidential Document(s), copies of the same and information contained therein may be disclosed by the Party receiving the same, or its counsel, subject to the terms of this order, only to the extent necessary for conducting this litigation and only to the following persons:

   a.  The receiving Party and its attorneys of record along with such attorneys' duly authorized legal, paralegal, secretarial or stenographic employees, **except for documents marked "Confidential – Attorneys' Eyes Only," which shall not** be disclosed to or any employees, officers or agents of the recipient Party;

   b.  Bona fide copying services;

   c.  Any person whose testimony is taken or may be taken in this litigation and who has agreed to be bound by the provisions of this Order;

   d.  Independent and consulting experts retained by either Party in this case and who has agreed to be bound by the provisions of this Order; and

   e.  Stenographic reporters recording testimony in this litigation, jurors, and the court and court personnel before which it is pending.

9.  Documents or portions of documents designated as "Confidential" shall be so identified to any witness who is asked to testify, in deposition or by affidavit or declaration, concerning said document at the time of the testimony, and the witness shall be directed that he/she may not disclose such confidential information for any purpose other than as part of said testimony.

10. This order applies to all phases of this litigation, including appeals. Nothing in this Order shall limit, act as consent to or otherwise affect the parties' ability to use the Confidential Document(s) at any trial or hearing. Any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

11. Parties seeking to file documents designated as "Confidential" or "Confidential – Attorneys' Eyes Only" may do so only by filing said material under seal. When filing Confidential Documents under seal, the Confidential Documents shall be placed in a sealed envelope, together with a cover sheet meeting the specifications of Local Rule 5.8. Such documents shall be kept under seal until further order of the Court. These measures are necessary to protect the personal and financial information of current and former employees,

officers and directors of the Parties and to protect the legitimate interests of the Parties in its confidential information and relationships with third parties.

12. Any Party or interested member of the public may bring a motion before the Court at any time after 10 days' prior notice to the Parties to determine the question of whether any particular material does, in fact, contain confidential material or the question of whether this Order should be modified, including whether any documents previously filed under seal should be unsealed.

13. At the termination of this case, the Parties and their counsel and all other persons having possession or control of Confidential Document(s) or copies thereof shall either destroy or return such material to the Party producing the Confidential Document(s) regardless of whether or not the Confidential Documents(s) fall within its scope.

14. After the case is closed in the District Court, the Parties may obtain the return of any previously sealed or previously restricted documents filed in court by filing a motion with the court no later than sixty-three (63) days after the case is closed. Any documents that are not so withdrawn will be returned to the attorney or Party which filed it pursuant to Local Rule 26.2(g).

15. Nothing in this Order shall limit or otherwise restrict the use of, filing, or dissemination of any Confidential Document by the Party which designated the document as "Confidential."

16. Nothing in this Order shall be construed to affect the admissibility, vel non, of any document, material or information at any trial or hearing.

17. The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") pertaining to Plaintiff, to the extent and subject to the conditions outlined herein.

18. For the purposes of this Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 164.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

19. All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to Plaintiff to all attorneys now of record in this matter or who may become of record in the future of this litigation.

20. The Parties and their attorneys shall be permitted to use the PHI of Plaintiff in any manner that is reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the Parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents, and consultants), the Parties' insurers, experts, consultants, court

personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

21. At the conclusion of the litigation as to any Party (which shall be defined as the point at which final orders disposing of the entire case as to any party have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any Party), that Party and any person or entity in possession of PHI received from that Party pursuant to paragraph 20 of this order shall destroy any and all copies of PHI pertaining to Plaintiff except: 1) the party that is no longer in the litigation may retain PHI generated by him/her/it; and 2) the remaining parties in the litigation, and persons or entities receiving PHI from those parties pursuant to paragraph 20 of this order, may retain PHI in their possession.

22. This order shall not control or limit the use of protected health information pertaining to Plaintiff that comes into the possession of any party or any party's attorney from a source other than a "covered entity" (as that term is defined in 45 CFR 160.103).

23. Nothing in this order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, pursuant to a patient authorization or through attorney-client communications. Likewise, nothing in this order relieves any party from complying with the requirements of the Illinois Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 1 1011 et seq.), the AIDS Confidentiality Act (410 ILCS 30511 et seq.) or state and federal law that protects certain drug and alcohol records (20 ILCS 301130-5, 42 USC 290dd-3 and 290ee-3, and 42 CFR Part 2).

Date: _____

ENTERED:

_____

Agreed to:

Scott Farnsworth

By: _____

Ronald J. Broida, Esq.
Joseph K. Nichele, Esq.
Robin K. Mills, Esq.
Broida and Associates, Ltd.
1250 East Diehl Road
Suite 108
Naperville, Illinois 60563

The Stanley Works

By: _____

Peter R. Bulmer
Carmen B. Copher
JACKSON LEWIS LLP
320 West Ohio Street
Suite 500
Chicago, IL 60610
(312) 346-8061